UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RHONDA DANOS**                                              **CIVIL ACTION**

**VERSUS**                                                    **NO. 14-505**

**STIHL INCORPORATED ET. AL.**                                **SECTION: "B"(3)**

ORDER AND REASONS

Nature of Motion and Relief Sought:

Before the Court is Plaintiff's Motion to Remand, Defendants' Opposition, and Plaintiff's Reply. (Rec. Docs. 6, 8, & 12).

**IT IS ORDERED** that the Motion to **REMAND** is **GRANTED.**

Procedural History and Facts of the Case:

This case arrives on its second removal to this Court from the Civil District Court for the Parish of Orleans. It arises from a workplace accident in which Ronald Martin received a violent blow to his head and neck when cutting a concrete pipe with a STIHL TS-400 "cut-off machine" and while working for Boh Brothers Construction Co., LLC ("Boh Brothers"). (Rec. Doc. 1-1 at 4). Rhonda Danos ("Plaintiff"), as curatix for Martin, initiated this suit in state court in March of 2010, asserting claims against Stihl Incorporated ("STIHL")[1], the manufacturer of the cut-off machine, and Boh Brothers, Martin's employer. *Id.* at 1. As to Boh Brothers, she alleged that the company was liable for an

---

[1] Plaintiff also named Andreas Stihl AG & Co. KG, a STIHL affiliate, as a Defendant. For simplicity's sake this opinion refers only to "STIHL."

intentional tort because the injury was substantially certain to follow Martin's lack of provisions, training, and other knowledge and in light of the circumstances in which he was directed to cut the concrete pipe. *Id.* at 3-5. On these grounds, the Plaintiff's Complaint explicitly invoked the intentional tort exception to general worker's compensation tort immunity as recognized by La. R.S. § 23:1032(B). *Id.* at 4.

Defendant STIHL first removed in April of 2010, contending that Boh Brothers was fraudulently joined and that complete jurisdiction therefore existed between the parties as required by 28 U.S.C. 1332. (Civ. A. No. 10-1469, Rec. Doc. 1). The Court disagreed and remanded on October 12, 2010, emphasizing both at the outset and conclusion of its remand order that "since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the Plaintiff's case." (Case No. 10-1469, Rec. Doc. 36 at 2 & 5 (*citing Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

After remand, the case remained in state court for over three years. After "substantial discovery" (Rec. Doc. 12 at 2), Boh Brothers moved for summary judgment on the grounds that it enjoyed tort immunity under Louisiana's worker's compensation scheme and that the intentional tort exception did not apply. (Rec. Doc. 1-5 at 149). The state trial court denied that motion, and the Fourth

Circuit Court of Appeal denied supervisory writs. *Id.* On February 7, 2014, the Supreme Court of Louisiana ultimately reversed the trial court on the merits, finding that the Plaintiffs "failed to establish that Mr. Martin's accident was substantially likely to occur[,]" concluding on that basis that the intentional tort exception did not apply, and granting summary judgment in favor of Boh Brothers. *Id.* at 149-51. Shortly afterwards, on March 6, 2014, STIHL removed the case a second time, again invoking diversity jurisdiction under 28 U.S.C. 1332.

Plaintiff promptly filed the instant motion to remand, primarily arguing that this second removal was (i) barred by 28 U.S.C. § 1332(d)'s prohibition of review of remand orders, and (ii) untimely for being over one year after commencement of the suit in violation of 28 U.S.C. § 1446(b). Because the second removal was very clearly untimely, the Court need only address that issue.

<u>Law & Analysis</u>

**1. Legal Standard**

Unless a federal statute provides otherwise, a defendant may remove a civil action filed in state court if the federal district court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir.2013) (citations omitted). In reviewing motions to remand, the Court is guided by

3

the fact that federal courts are courts of limited jurisdiction and strictly construes removal statues in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**2. Timeliness of Second Removal**

28 U.S.C. § 1446 establishes certain procedural requirements for removal of civil actions from state court. Section 1446(b) sets forth timeliness requirements. As both parties agree, at all times relevant to the instant motion, that section provided that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of this action.

28 U.S.C. § 1446(b) (2010).[2]  As the Fifth Circuit has explained, the requirement that a case may not be removed on the basis of

---

[2] Congress amended 28 U.S.C. § 1446 in 2011 with the Federal Courts Jurisdiction and Venue Clarification Act of 2011. *See*  PL 112-63, December 7, 2011, 125 Stat 758. Those changes are inapplicable here, however, as they apply only to an "action that is removed from a state court to a United States district court and that had been commenced, within the meaning of State law, on or after [January 6, 2012]." *Id*. at 764-65 (2011).

4

diversity jurisdiction more than one year after commencement of an action only applies to cases that were not removable on the face of the initial pleadings. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000)("the one-year limitation on removals applies only to the second paragraph of that section, i.e., only to cases that are not initially removable.")

Here, STIHL contends that the one-year time-limit does not apply because the case was removable on the face of the pleadings. That is, STIHL maintains that the case was originally removable "as the Louisiana Supreme Court confirmed" when it granted summary judgment in favor of Boh Brothers. (Rec. Doc. 8 at 5). This contention entails the serious error of conflating the analysis for fraudulent joinder with that for the merits of a claim. As this Court twice emphasized in its prior remand order, "the focus of the [fraudulent joinder] inquiry must be on the joinder, *not the merits* of the Plaintiff's case." (Case No. 10-1469, Rec. Doc. 36 at 2 & 5 (*citing Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(emphasis added)). Given that focus, a removing defendant must therefore meat a "heavy burden" and "show that there is no reasonable basis for recovery against the in-state defendant." *Id.* at 5 (citing *Travis v. Irby*, 326 F.3d 644, 647-48 (5th Cir. 2003). "Accepting all well-pleaded facts as true and in favor of the plaintiff," this Court has already held that STIHL failed to make

5

that showing. (Case No. 10-1469, Rec. Doc. 36 at 5). That the Louisiana Supreme Court some four years later determined that the Plaintiff ultimately failed to satisfy her evidentiary burden on the merits of those claims neither disturbs nor contradicts that holding. Thus, as this Court has previously held, the case was not removable on the face of the pleading in 2010, the one-year time-limit therefore applies to this case, and this second removal is untimely for being far beyond one year of commencement of suit.

STIHL argues in the alternative that the equitable exception to the one-year time-limit recognized in *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426-27 (5th Cir. 2003) justifies this second removal. The Court is unpersuaded. *Tedford* recognized that 28 U.S.C. § 1446(b)'s one-year rule is "not inflexible" and allowed an equitable exception where the Plaintiff added a non-diverse defendant "hours" after learning of an intent to remove and signed and posted-dated a notice of non-suit against that same party prior to the expiration of the one-year period. Here, STIHL has not charged Plaintiff with similar conduct or otherwise invoked traditional equitable principles. To the Contrary, STIHL's brief makes clear that its invocation of equity is nothing more than a collateral attack on the Court's prior remand:

> Based on the Louisiana's Supreme Court's ruling . . . it is clear that STIHL's original removal based on fraudulent joinder of Boh Brothers was proper. STIHL removed this action on the grounds of diversity

6

> jurisdiction and fraudulent joinder within thirty days after receipt of the original Petition as required by the first paragraph of § 1446(b). However, the case was erroneously remanded, as confirmed by the Louisiana Supreme Court's ruling . . . The Defendants' second removal is simply effectuating what was a timely and proper first removal."

(Rec. Doc. 8 at 14).

As explained above, however, this argument conflates the fraudulent joinder analysis with that of the merits. The former asks whether a removing defendant has shown "that there is no possibility of recovery by the plaintiff" against the non-diverse defendant, "which stated differently means that there is no reasonable basis for the district court to *predict* that the plaintiff *might be able to recover* against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(emphasis added). The latter, as should be obvious, involves not "predictions" about what a plaintiff "might be able to recover" but evidentiary burdens that Plaintiffs must, in fact, satisfy. Simply put, that Plaintiff ultimately failed to satisfy those burdens and prevail on the merits does not mean that there was no reasonable basis from which to predict that she would. For the above reasons,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED.**

New Orleans, Louisiana, this 31st day of July, 2014.

UNITED STATES DISTRICT JUDGE